Kenneth ABRAMS, et al.

v.

COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO.

Civ. A. No. 87–2816.

United States District Court, District of Columbia.

Aug. 30, 1993.

Hugh L. Reilly, Raymond John LaJeunesse, Jr., National Right to Work Legal Defense Foundation, Springfield, VA, for plaintiffs.

James Bryan Coppess, Communication Workers of America, Washington, DC, for defendant.

*MEMORANDUM OPINION
AND ORDER*

LAMBERTH, District Judge.

This case comes before the court on defendant's motion for reconsideration. On April 16, 1993, this court entered an Order and Judgment granting partial summary judgment for plaintiffs and partial summary judgment for the defendant, Communications Workers of America ("CWA"), 818 F.Supp. 393. CWA now moves the court, under Federal Rule of Civil Procedure 59(e), to alter or amend the judgment to provide that summary judgment is entered in favor of the defendant on all counts. The court concludes that it must deny defendant's motion.

This case involves the issue of whether CWA has fulfilled its duty of fair representation to those nonmembers who still must pay dues to CWA because CWA is their exclusive bargaining agent. In its April Opinion and Order, the court concluded that in large part CWA had fulfilled that duty and for that reason the court granted in part defendant's motion for summary judgment. The court also denied defendant's motion in part because it found that CWA violated its duty of fair representation by limiting the forums nonmembers could use to challenge CWA's nonmember fee determinations. On that issue alone the court granted summary judgment in favor of plaintiffs. CWA now moves the court to alter or amend this latter determination.

As this court found earlier, CWA policy states that nonmembers who choose to challenge CWA's fee calculation must do so through arbitration. 818 F.Supp. at 406. This is the only forum in which CWA allows

nonmembers to challenge the union's non-member fee determinations. This court found that this policy arbitrarily and discriminatorily limited the forums in which nonmembers could challenge CWA's fee determinations and violated CWA's duty of fair representation to nonmembers. 818 F.Supp. at 407. To implement the court's determination regarding CWA's arbitration policy, the court enjoined CWA from "requiring plaintiffs to submit agency fee disputes to arbitration." 818 F.Supp. at 395. It is this provision that defendant moves the court to reconsider.

CWA brings its present motion because it contends the court based its ruling regarding the arbitration policy on a mistake of fact. CWA contends that the court's ruling assumed CWA compelled every objector to endure arbitration even if the objector had no desire to participate in arbitration or any other type of dispute resolution procedure. CWA argues that its policy only provides nonmembers with the *option* of going to arbitration and that arbitration is not required. The court appreciates CWA's distinction but denies its motion because the court did not make the mistake of fact asserted.

This court was never mistaken in the way asserted by CWA. This court never interpreted CWA's policy to be one that required every objector to undergo arbitration if s/he wished to raise any objection to CWA's fee determination. Rather, this court understood CWA's policy to be that *if* a nonmember chose to challenge CWA's fee determination before some impartial decisionmaker, the nonmember had to do so through arbitration rather than through suit in federal court, before the National Labor Relations Board, or in some other forum. The language used by the court in its Memorandum Opinion makes this clear. The court held that arbitration "is the *only avenue* CWA provides objectors to challenge the CWA fee calculation," and that this "arbitrary forum choice"

violates CWA's duty of fair representation. 818 F.Supp. at 407. There is no mistake of fact as to that aspect of CWA's policy. The court recognizes that the language used in the Order and Judgment—enjoining CWA "from requiring plaintiffs to submit agency fee disputes to arbitration"—could have misled CWA, but the language of the court's Memorandum Opinion should have clarified the matter. The Memorandum Opinion makes clear that the court's objection was not to some policy of compulsory arbitration but to CWA's limitation of forum choices.[1]

CWA has not challenged the court's determination that the forum limitation violates CWA's duty of fair representation. In the absence of any mistake of fact or challenge to this court's legal conclusions as to the facts known, there is no basis for the court to alter or amend the substance of its judgment. In order to avoid confusion, however, the court will change the language of the Order and Judgment to clarify the CWA policy being enjoined.[2]

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to alter or amend judgment is DENIED.

2. Paragraph three of the Order and Judgment entered on April 16, 1993 is, however, *sua sponte*, CLARIFIED and ALTERED to read: "Judgment is hereby ENTERED for plaintiffs enjoining defendant and its agents from limiting plaintiffs' choice as to the forum in which plaintiffs may choose to challenge defendant's nonmember fee determinations. In all other respects, judgment is hereby ENTERED for defendant, DISMISSING WITH PREJUDICE all other claims raised by plaintiffs herein."

SO ORDERED.

---

1. CWA's reply brief in support of its motion implicitly concedes the accuracy of the court's factual findings. There CWA admits that "each objector will have to decide for himself or herself whether failure to utilize the arbitration option gives rise to a defense against any subsequent legal challenge to the amount of the fee." Reply Memorandum at 2–3. Such a defense would only exist if it is CWA's policy to limit the objec-

tor's forum choice to arbitration and CWA believed that such a policy comported with its duty of fair representation.

2. The court does not address plaintiffs' argument that CWA has waived its right to argue the mistake of fact issue. That argument would only be relevant if the court had made a mistake of fact.